**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-14-00096-001-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| David Henry Perkins, | |
| Defendant. | |

On November 10, 2014, the Court sentenced Defendant David Henry Perkins to 114 months' imprisonment for armed bank robbery and ordered Defendant to pay a total of $12,834 in restitution. Doc. 56 at 1-2. Defendant was required to pay $25 per quarter through the Bureau of Prison's Inmate Financial Responsibility Program ("IFRP") while incarcerated, and the remainder in equal monthly installments of $250 to commence 60 days after his release from imprisonment. *Id* at 2.[1] Defendant's projected release date is July 11, 2022. *See* Federal BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Jan. 20, 2021).

On November 2, 2020, Defendant sent a one-page, handwritten letter directly to the Court, requesting to delay remaining restitution payments while incarcerated in order to save money to support himself upon release. Doc. 64 at 1. The letter does not cite any

---

[1] The Court's restitution order was explained to Defendant in open court at the time of sentencing and was included in the judgment. Docs. 55-56. Defendant also agreed to pay restitution as part of his plea agreement with the United States. Doc. 59 at 2.

legal authority for the request. *See id.* The government has filed a response. Doc. 66. The Court will deny Defendant's request.

The Mandatory Victims Restitution Act of 1996 ("MVRA") requires that the district court, in an order of restitution, award each victim the full amount of their loss, regardless of the defendant's economic circumstances. 18 U.S.C. § 3664(f)(1)(A). Once the amount of restitution owed to each victim is determined, "the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid[.]" *Id.* § 3664(f)(2). The MVRA charges the district court with setting the terms of the restitution payments, and that duty cannot be delegated. *United States v. Gunning*, 401 F.3d 1145, 1149-50 (9th Cir. 2005) ("Gunning II") (citing *United States v. Gunning*, 339 F.3d 948, 949 (9th Cir. 2003) ("Gunning I")).

The Court – on its own motion or the motion of any party – may amend a restitution payment schedule if there is a material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Modification under this provision requires a "bona fide change in the defendant's financial condition." *United States v. Frazer*, No. CR-12-01836-001-PHX-GMS, 2019 WL 4736731, at *1 (citing *United States v. Dale*, 613 F. App'x 912, 913 (11th Cir. 2015)). A change is identified by an "objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Caudle*, 710 F. App'x 124, 125–26 (4th Cir. 2018). "The burden of demonstrating the financial resources of the defendant . . . [is] on the defendant." 18 U.S.C. § 3664(e).

While Defendant cites no legal authority in support of his request, it can reasonably be interpreted as a motion to modify his restitution payment schedule under § 3664(k). While the Court is sympathetic to Defendant's financial concerns, it agrees with the government that Defendant has not met his burden of demonstrating that his current financial condition is materially different than when the court originally imposed the restitution order. *See id.*

**IT IS ORDERED** that Defendant's motion to delay payment of restitution (Doc. 64) is **denied**.

Dated this 21st day of January, 2021.

*David G. Campbell*

David G. Campbell
Senior United States District Judge